UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| CURTIS LEE MAYES, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 3: 18-CV-32-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KENTUCKY PAROLE BOARD, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Curtis Lee Mayes is an inmate confined at the Lee Adjustment Center in Beattyville, Kentucky. Proceeding without counsel, Mayes filed a document entitled "Deprivation of Rights Under Color of Law Pursuant to Title 18 § 242" in the Louisville Division of the United States District Court for the Western District of Kentucky. [R. 1.] Mayes also filed a motion to proceed *in forma pauperis*. [R. 2.] That Court concluded that while the basis for Mayes' claims was not entirely clear, his filing should be construed as a civil rights complaint against the Kentucky Parole Board ("KPB") pursuant to 42 U.S.C. § 1983, and transferred the action to this Court on venue grounds pursuant to 28 U.S.C. § 1406(a). [R. 5.] This matter now comes before the Court for initial screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

In 1977 Mayes was convicted in Louisville, Kentucky on two counts of murder and two counts of first degree robbery. He was sentenced to two consecutive life sentences plus 32 years imprisonment. *Mayes v. Commonwealth*, 563 S.W.2d 4 (Ky. 1978). The Sixth Circuit Court of Appeals vacated one of the life sentences on habeas review, *Mayes v. Sowders*, 621 F.2d 850 (6th Cir. 1980), but the other life sentence remains in effect.

KPB considered Mayes for parole in 1982, 1990, and 1994, but denied parole on each occasion. [R. 1 at 2.] After the 1994 parole hearing, KPB ordered that Mayes must "serve out" his sentence to its expiration. Mayes contends that this effectively denied him parole permanently, and that KPB relied upon an administrative regulation promulgated in 1989 to justify its action.[1] [R. 1 at 2.] Mayes sought reconsideration of KPD's parole decision in 1998, 2003, and 2006, without success. [R. 1-1 at 7-9.]

In 2008, Mayes filed a petition in the Circuit Court of Franklin County, Kentucky, seeking a declaration that KPD acted improperly when it relied upon the revised 1989 regulation to both deny parole and order him to "serve out" his sentence. Mayes contended that KPD was required to use the prior regulation enacted in 1974 – the one in effect when his sentence was imposed in 1977 – to determine his parole eligibility. The Circuit Court disagreed and denied the petition. The Kentucky Court of Appeals affirmed on appeal, noting that parole is purely a matter of legislative grace. *Mayes v. Commonwealth of Kentucky, Kentucky Parole Board*, No. 2008-CA-1889-MR, 2009 WL 1811735, at *1 (Ky. Ct. App. Jun. 26, 2009). The Kentucky Supreme Court denied discretionary review.

Undeterred, in 2010 Mayes again challenged KPB's 1994 decision by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. The Court denied the petition, both because it constituted a second or successive petition filed without permission from the Court of Appeals for the Sixth Circuit and because it was untimely. *Mayes v. Stivers*, No. 3:

---

[1] While the "serve out" language is expressly set forth in the 1989 revised regulation, the prior version of that regulation was more than broad enough to permit KPB to issue the same order. That regulation required KPB to review inmates in Mayes' circumstances for parole six years after their sentences began, but granted it unfettered discretion to conduct any subsequent parole reviews at such times as it deemed fit, which would include not at all. [R. 1-1 at 3]

10-CV-37-DCR-REW (E.D. Ky. 2010). The Sixth Circuit then declined Mayes' motion for an order authorizing him to raise this issue in a second or successive petition. *In re: Mayes*, No. 10-6420 (6th Cir. Aug. 25, 2010).

In his current petition Mayes reiterates the same claim: "that he is entitled to [continued] review of his **1976** Life Sentence by the **Kentucky Administrative Regulations, 501 KAR 1:010 Section 4**, in effect at the time of the offense for which Petitioner was convicted." Mayes asserts that the 1994 decision by KPB and its subsequent refusals to reconsider – the last of which was issued in 2006 – violates the Ex Post Facto Clause and the separation of powers doctrine. [R. 1 at 3.]

A threshold matter for consideration is the characterization of Mayes' pleading. In its Order, the Western District of Kentucky began by noting that while Mayes had expressly referred to 18 U.S.C. § 242 as the basis for his claims, a private citizen lacks standing to initiate criminal charges. [R. 5 at 1 (citing, inter alia, *Saro v. Brown*, 11 F. App'x 387 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.")).] This is plainly correct: because a private citizen lacks a judicially cognizable interest in the criminal prosecution of another, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), a civil plaintiff has no standing to assert a claim arising under a criminal statute. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) ("This Court has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'"). The Sixth Circuit has expressly held that there is no private cause of action to assert a violation of 18 U.S.C. § 242, the very statute Mayes relies upon as the basis for his claims here. *Kafele v. Frank & Wooldrige Co.*, 108 F. App'x 307 (6th Cir. 2004).

3

Without more, that conclusion would necessitate dismissal of Mayes' "petition." However, because Mayes' complaint referenced 42 U.S.C. § 1983 and the definition of the phrase "color of law," the Western District broadly construed Mayes' petition as actually constituting a civil rights complaint under Section 1983. [R. 5 at 1.] On this point, the Court must respectfully disagree.

First, Mayes expressly stated that 18 U.S.C. § 242 stands as the vehicle for his claims:

"Petitioner asserts that Title 18 U.S.C. § 242 is the proper remedy because it penalizes willful deprivation of rights, privileges or immunities ..."

[R. 1 at 1, 3.] Mayes' statement makes plain that his choice of 18 U.S.C. § 242 as the source for his claim was intentional rather than inadvertent. It is one thing for a Court to infer the basis for a claim where a pro se plaintiff is silent or equivocal on the subject, it is quite another to pretend that the plaintiff asserts a different claim than the one actually written on the page simply because that claim will necessarily fail. The appropriateness of a court's recharacterization of a pro se plaintiff's claim is at its lowest when the plaintiff has clearly made a choice regarding the legal basis for his claim. Mayes having expressly invoked one source for his claim, the Court cannot rightfully choose another one for him under the guise of "liberal construction." *Cf. McKinney v. Roadway Express, Inc.*, 341 F.3d 554, 558 (6th Cir. 2003); *Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983); *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F.Supp.2d 140, 148 (D. Mass. 2003) ("While the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged.").

Second, Mayes' sole reference to 42 U.S.C. § 1983 on a single page of his 35-page complaint was for the limited purpose of supporting his argument that KPB acted under "color of

law" for purposes of 18 U.S.C. § 242 when it acted (he asserts) contrary to the laws of the state under which its authority derives. [R. 1 at 3-4.] This reference for definitional purposes only cannot reasonably be read to indicate the source of his claims. Third, consistent with his express reference to a criminal statute, Mayes seeks relief that is entirely criminal in nature when he requests that the members of KPB be "fined not more than $1000 or imprisoned not more than one year, or both." [R. 1 at 34.] Because Mayes' petition makes clear that he asserts a claim under 18 U.S.C. § 242, a claim he lacks standing to assert, the Court will deny the petition.

Finally, even if Mayes' petition could be "construed" as constituting a civil rights complaint under 42 U.S.C. § 1983, it would be subject to summary dismissal as barred by the statute of limitations and/or the doctrine of laches. Mayes complains of actions taken by KPB in 1994, a date over twenty years before he filed his petition. Even KPB's most recent denial of his request for reconsideration was issued in 2006, a date more than a decade before he filed his petition. Kentucky's one-year statute of limitations applies to civil rights claims under § 1983. Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013). Mayes' complaint is therefore time-barred. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

This remains true where Mayes also seeks declaratory and injunctive relief. While "statutes of limitation are not controlling measures of equitable relief," *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946), if "the suit is brought in aid of a legal right, equity will withhold its remedy if the legal right is barred by the local statute of limitations." *Russell v. Todd*, 309 U.S. 280, 289 (1940). A suit asserting civil rights claims seeking equitable relief therefore must be filed within the limitations period. Cf. *Walker v. Epps*, 550 F.3d 407, 408 (5th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)); see also *Swan v. Bd. of Higher Ed.*, 319 F. 2d 56, 60 n.5

(2d Cir. 1963); *Madison v. Wood*, 410 F.2d 564, 567 (6th Cir. 1969). After all, equitable relief is a remedy, not a claim, and it may only be obtained if the underlying claim upon which it relies – here a violation of his constitutional provisions – is timely asserted. Cf. *Williams v. Walsh*, 558 F.2d 667, 671 (2d Cir. 1977); *Luckenbach Steamship Co. v. United States*, 312 F. 2d 545, 548 n.2 (2d Cir. 1963) ("Limitations periods are applicable not to the form of relief but to the claim on which the relief is based."). Where Mayes has filed suit more than twenty years after the events about which he now complains, an equitable or declaratory remedy must be withheld.

Accordingly, it is **ORDERED** as follows:

1.  Mayes' motion to proceed in forma pauperis [R. 2] is **GRANTED** and payment of the filing fee is **WAIVED**;

2.  Mayes' petition [R. 1] is **DENIED**;

3.  The Court will enter an appropriate Judgment; and

4.  This matter is **STRICKEN** from the active docket.

This the 26th day of July, 2018.

Gregory F. Van Tatenhove
United States District Judge